Nov. Term, 1846.

WILLIAMS
v.
DICKERSON.

---

## WILLIAMS v. DICKERSON.

In a suit on a written promise made to the plaintiff by a wrong name, the declaration should aver that the promise was made to him by the wrong name.

ERROR to the *Allen* Circuit Court.

Saturday,
December 5.

DEWEY, J.—*Samuel Dickerson* sued *Williams* in assumpsit before a justice of the peace, who rendered judgment against the defendant by default. The cause was appealed. The justice's transcript does not show the plaintiff's statement of his demand; and the only cause of action on file was a note, by which the defendant promised to pay *Samuel Dixson* 35 dollars. The defendant moved the Circuit Court to dismiss the suit for want of a sufficient cause of action. The motion was overruled. Final judgment for the plaintiff.

We think the motion to dismiss the action should have prevailed. The note on file does not apparently contain any promise to the plaintiff, nor does he appear to have any interest in it. The promise seems to be to another person. *Dickerson* and *Dixson* are distinct and different names, and have not the same sound. If the promise contained in the note was really made to the plaintiff by a wrong name, that fact should have been averred. *Madison Ins. Co.* v. *Stangle*, 6 Blackf. 88. See *Willis* v. *Barrett*, 2 Stark. R. 29.—*Vandagrift* v. *Tate et ux.* 4 Blackf. 174.

Nov. Term, 1846.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. Brackenridge,* for the plaintiff.

*S. Bigger* and *J. K. Edgerton,* for the defendant.